**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**NANNETTE HUTCHENS,**

   **Plaintiff,**

v.             **Civil Action No. 3:19cv546**

**CAPITAL ONE SERVICES, LLC,** *et al.,*

   **Defendant.**

_____

**VIRGINIA STIRNWEIS,**

   **Plaintiff,**

v.             **Civil Action No. 3:19cv637**

**CAPITAL ONE SERVICES, LLC,** *et al.,*

   **Defendant.**

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court on Plaintiffs Nannette Hutchens and Virginia Stirnweis's ("Plaintiffs") Motions to Certify the Court's Order Granting Defendants' Motion for Judgment on the Pleadings for Interlocutory Appeal (the "Motion to Certify").[1]  (ECF Nos. 30, 38.)  Defendants Capital One Services, LLC, Capital One Financial Corporation, and Capital One, National Association (collectively, "Capital One") responded, (ECF Nos. 32, 43), and Plaintiffs replied, (ECF Nos. 33, 44).

---

[1] The Parties filed identical pleadings in both the Hutchens and the Stirnweis matters. *See Hutchens v. Capital One Services, LLC, et al.* (3:19cv546); *Stirnweis v. Capital One Services, LLC, et al.* (3:19cv637).  The Court will refer to the Parties' briefing and Court documents regarding the Motion to Certify by the ECF numbers in *Hutchens v. Capital One, et al.* (3:19cv546).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] For the reasons that follow, the Court will grant Plaintiffs' Motion to Certify under 28 U.S.C. § 1292(b)[3] and stay these actions pending resolution of the appeal by the United States Court of Appeals for the Fourth Circuit.[4]

## I. Background

### A. Factual Background of Hutchens's and Stirnweis's Complaints

These matters arise from Plaintiffs' employment with and subsequent termination by Capital One. Hutchens, a former "Project Manager /Program Manager/ IT Delivery Lead" for Capital One, asserts (1) that Capital One failed to comply with the statutory requirements of the

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Hutchens brings claims pursuant to the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621. Stirnweis asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

[3] Section 28 U.S.C. 1292(b) reads, in relevant part,

[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b).

[4] For some time, the Court entered a stay in this case while the parties engaged in discussions to resolve these matters. The current, extended, stay is set to expire on October 21, 2020. This decision renders that end date moot. The Court will stay these cases pending resolution of the interlocutory appeal.

Older Workers Benefits Protection Act ("OWBPA") when Capital One terminated her employment; and, (2) that Capital One discriminated against her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). (Hutchens Compl. ¶¶ 75, 77, ECF No. 1.) Stirnweis, a former "Corporate Insurance Specialist" at Capital One, brings claims for "unpaid overtime in violation of the Fair Labor Standards Act." (Stirnweis Compl. ¶ 1, ECF No. 1.) When Capital One terminated their employment, Plaintiffs had executed severance agreements, (the "Severance Agreements"), which contained identical language purporting to waive their right to bring a collective or class action (the "Collective Action Waiver").[5]

In their respective individual complaints against Capital One, Plaintiffs contended that the Collective Action Waiver is invalid under federal law, and each sought a declaratory judgment that they may proceed in a collective action against Capital One.[6] On December 18, 2019, the Court ordered the Parties to file cross-briefs concerning the validity of the Collective Action Waiver under the FLSA and the ADEA. (Hutchens Dec. 18, 2019 Order; Stirnweis Dec. 18, 2019 Order.)

---

[5] The Collective Action Waiver states that:

> [i]f any claim is not subject to release, to the extent permitted by law, you waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Capital One or any of the other Released Parties is a party.

(Hutchens Compl., Ex. 1, "Hutchens Severance Agr.," 3, ECF No. 1-1; Stirnweis Mem. Supp. Mot. Judg., Decl. Craig J. Curwood, Ex. 1, "Stirnweis Severance Agr.," 3, ECF No. 24-1.)

[6] Hutchens brought her claim for a declaratory judgment in Count III of her Complaint. (*See* Hutchens Compl. ¶¶ 92–120.) Stirnweis brought her claim for a declaratory judgment in Count II of her Complaint. (*See* Stirnweis Compl. ¶¶ 48–83.)

**B.      The Court Grants Capital One's Motion for Judgment on the Pleadings and Denies Plaintiffs Motion for Judgment on the Pleadings**

On June 8, 2020, the Court issued a Memorandum Opinion and Order granting Capital One's Motion for Judgment on the Pleadings and denying Plaintiffs' Motion for Judgment on the Pleadings (the "June 2020 Memorandum Opinion and Order").[7] "Considering the text and structure of the FLSA and ADEA," the Court determined, in line with United States Court of Appeals for the Fourth Circuit precedent in *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002),[8] "that neither statute precludes an employee from waiving their right to proceed in a collective action in a severance agreement." (June 2020 Mem. Op. 28, ECF No. 35.)  The Court

---

[7] The Court entered identical Memorandum Opinions and Orders in each case. *See Hutchens v. Capital One Services, LLC, et al.* (3:19cv546, ECF Nos. 35–36); *Stirnweis v. Capital One Services, LLC, et al.* (3:19cv637, ECF Nos. 27–28).  Although the Court made separate findings concerning the enforceability of the Collective Action Waiver under the FLSA versus the ADEA, the Court noted that the analyses were interrelated as the ADEA "incorporates large sections of the FLSA's enforcement structure by reference." (June 2020 Mem. Op. 20 (internal citations omitted).)

[8] The Court reiterates part of its discussion of *Adkins* in its June 2020 Memorandum Opinion here:

In *Adkins*, the plaintiff brought a class action alleging that his employer had violated FLSA and various state laws.  303 F.3d at 499.  The plaintiff, however, had signed an agreement to arbitrate any dispute arising out of his employment, and the employer moved to compel arbitration.  *Id.*  The district court ordered the parties to submit their claims to arbitration and dismissed the suit.  *Id.* at 500.

On appeal, the plaintiff claimed that the agreement to arbitrate was unconscionable because the large costs of arbitration would effectively prevent him from asserting his federal rights.  *Id.* at 502.  Applying the "clear federal command that courts cannot treat arbitration in general as an inferior or less reliable means of vindicating important substantive rights," the Fourth Circuit rejected this argument.  *Id.*

(June 2020 Mem. Op. 15.)  *Adkins* thus found that arbitration in that case provided an appropriate vehicle for Adkins to assert his federal rights under the FLSA.  By comparison, in this case, where no arbitration agreement exists, Plaintiffs must proceed in an individual suit in the absence of a collective action under the FLSA or ADEA.

4

therefore found the Collective Action Waiver in Plaintiffs' Severance Agreements "valid and enforceable under federal law." (*Id.* 12.)

This Court also recognized that the Fourth Circuit in *Adkins*, along with the majority of other courts of appeals to consider the issue, "analyzed the text of FLSA in the context of enforcing an arbitration agreement" rather than requiring the plaintiff to proceed in an individual action in the district court. (*Id.* 20 n.11.) While the Court concluded that the presence of an arbitration agreement did not make a "material difference" in its analysis, it recognized contrary authority on the subject. (*Id.* (citing *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 591–92 (6th Cir. 2014) (determining that employee could not waive FLSA rights in severance agreement that did not provide for arbitration because an individual court action provided none of the cost-saving benefits of arbitration).)

Following the reasoning in *Adkins*, the Court dismissed Plaintiffs' claims for a declaratory judgment that the Collective Action Waiver in their Severance Agreements was invalid in Count III of Hutchens's Complaint and Count II of Stirnweis's Complaint.[9]

## II. Motion to Certify

Plaintiffs subsequently filed the instant Motion to Certify asking the Court to designate for appeal its June 2020 Order finding the Collective Action Waiver valid and enforceable.

---

[9] Following the Court's June 2020 Memorandum Opinion and Order, the Court granted Motions to Sever in two cases where the Plaintiffs had signed an identical Collective Action Waiver and originally brought the suit as a collective action. *See Dina Cortez-Melton v. Capital One Financial Corporation, et al.* (3:19cv127, ECF No. 49); *Karen Petruzzi v. Capital One Financial Corp. et al.* (3:19cv443, ECF No. 39). As of the date of this Memorandum Opinion and Order, four cases, apart from the two cases at bar, remain before this Court where a former Capital One employee signed a Collective Action Waiver in a severance agreement. *See Dina Cortez-Melton v. Capital One Financial Corporation, et al.* (3:19cv127); *Karen Petruzzi v. Capital One Financial Corp. et al.* (3:19cv443); *Kathy Packett v. Capital One Financial Corp. et al.* (3:20cv404); *Jerry D. Wade v. Capital One Financial Corp. et al.* (3:20cv415). Whether the Collective Action Waiver is valid and enforceable is a central finding to all six of these cases.

(ECF No. 38.)  In the Motion to Certify, Plaintiffs rely on Federal Rule of Civil Procedure 54(b)[10] and 28 U.S.C. § 1292(b) for certification.  For the reasons that follow, the Court will grant the Motion to Certify pursuant to 28 U.S.C. § 1292(b).

### A.    Legal Standard:  28 U.S.C. § 1292(b)

Section 28 U.S.C. 1292(b) authorizes a district court, in rendering an otherwise unappealable order in a civil action, to state in writing that:  (1) "such order involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and, (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

The Court must begin a Section 1292(b) analysis "by emphasizing the gravity of the relief" sought in such a request. *Cooke-Bates v. Bayer Corp.*, No. 3:10cv261, 2010 WL 4789838, at *2 (E.D.Va. Nov. 16, 2010).  "Section 1292(b) is not intended to allow interlocutory appeals in ordinary suits . . . but instead should be utilized for orders deemed pivotal and debatable." *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14cv706, 2015 WL 3540473, at *3 (E.D. Va. June 3, 2015) (internal citations omitted).

### B.    The Court Will Grant the Motion to Certify Under 28 U.S.C. § 1292(b)

Because the enforceability of the Collective Action Waiver presents a controlling question of law, as to which there is substantial grounds for difference of opinion, and an

---

[10] Federal Rule of Civil Procedure 54(b) states, in relevant part,

> [w]hen an action presents more than one claim for relief  . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  Because the Court finds interlocutory appeal appropriate under § 1292(b), the Court does not reach the question of whether review is appropriate under Rule 54(b).

immediate appeal from this Court's order may materially advance the litigation, the Court will grant Plaintiffs' Motion to Certify. *See* 28 U.S.C. § 1292(b).

        **1.**     **The Court's June 2020 Order Presents a Controlling Issue of Law**
                **Because it Would Be Serious to the Conduct of the Litigation**

       The enforceability of the Collective Action Waiver presents a "controlling issue of law" under § 1292(b) for two reasons. 28 U.S.C. § 1292(b). First, it changes, seriously, "'the conduct of the litigation, either practically or legally.'" *Countrywide Sec. Corp.*, 2015 WL 3540473, at *4 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Second, enforceability of the Collective Action Waiver presents a "pure, controlling question of law." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340–41 (4th Cir. 2017) (internal quotation and citation omitted).

       While controlling questions may include those "whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes," a question need not prove completely dispositive of litigation to present a controlling question of law. *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989). "When the resolution of a question would not completely end the litigation altogether, district courts look to whether the immediate appeal would be 'serious to the conduct of the litigation, either practically or legally.'" *Countrywide Sec. Corp.*, 2015 WL 3540473, at *4 (quoting *Katz,* 496 F.2d at 755). "A legal issue is controlling if it could materially affect the outcome of the case." *In re Boss Mgmt. Grp., Inc.*, No. 05cv61589, 2007 WL 1959172, at *5 (W.D. Va. July 3, 2007). The Fourth Circuit has observed that "§ 1292(b) review may be appropriate where the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *United States ex rel. Michaels*, 848 F.3d at 340–41 (internal quotation and citation omitted).

The enforceability of the Collective Action Waiver presents a controlling question of law.
First, the question is "serious to the conduct of the litigation" both "practically" and "legally."
*Countrywide Sec. Corp.*, No. 3:14cv706, 2015 WL 3540473, at *4 (internal citations omitted).
Plaintiffs sought a declaratory judgment that the Collective Action Waiver in their Severance
Agreements was invalid under federal law.  The Court's June 2020 Order determining that the
Collective Action Waiver is valid and binding on Plaintiffs is controlling, and forecloses
Plaintiffs from bringing a collective action.  The June 2020 Order thus not only resolved claims
in each of Plaintiffs' complaints, but fundamentally altered the nature of their actions.

As the Fourth Circuit has stated in the context of Rule 23 Class Action, collective or class
actions and individual actions vary substantially as

> class certification will provide access to the courts for those with claims that would
> be uneconomical if brought in an individual action.  As the Supreme Court put the
> matter, '[t]he policy at the very core of the class action mechanism is to overcome
> the problem that small recoveries do not provide the incentive for any individual to
> bring a solo action prosecuting his or her rights.'

*Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 426 (4th Cir. 2003) (quoting *Amchem Prods.*
*v. Windsor*, 521 U.S. 591, 617 (1997)).  As a practical matter, the Court's June 2020 Order
"could materially affect the outcome of the case," *In re Boss,* 2007 WL 1959172, at *5, as it
fully resolves one claim in Plaintiffs' complaints and materially affects the number of plaintiffs
joining in the action.  As one district court has recognized in granting an interlocutory appeal of
its decision to certify a class action, "the grant or denial of class certification often has the effect
of a final ruling on the merits.  If a court denies certification, plaintiffs will often drop their
claims; if a court grants it, the defendants may settle." *Thompson v. Bruister & Assocs., Inc.*, No.
3:07-00412, 2013 WL 5428747, at *4 (M.D. Tenn. Sept. 27, 2013) (internal citations omitted).

Second, the enforceability of the Collective Action Waiver presents a "pure, controlling question of law" suited to interlocutory appeal. *United States ex rel. Michaels*, 848 F.3d at 340–41 (internal quotation and citation omitted).  Indeed, apart from the plain language of Plaintiffs' identical severance agreements, the Court required few facts to resolve the parties cross-motions for judgment on the pleadings.  The Court of Appeals will therefore have little need "to delve beyond the surface of the record in order to determine the facts." *Id.*

Because the enforceability of the Collective Action Waiver presents a pure question of law "serious to the conduct of the litigation" both "practically" and "legally," *Countrywide Sec. Corp.*, 2015 WL 3540473, at *4, the Court concludes that it constitutes a "controlling question of law" under § 1292(b).

### 2. There is Substantial Grounds for Difference of Opinion as to the Enforceability of the Collective Action Waiver

There is "substantial ground for difference of opinion" as to the enforceability of the Collective Action Waiver because the Fourth Circuit and the United States Court of Appeals for the Sixth Circuit have reached opposite conclusions as to this issue, albeit doing so when addressing substantively different types of collective action waivers.  28 U.S.C. § 1292(b).

"An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling question of law." *Cooke-Bates,* 2010 WL 4789838, at *2.  "A ground for dispute is 'substantial' where, for example, the controlling circuit has made no comment on conflicting opinions among the various circuits . . . or where the dispute raises a novel and difficult issue of first impression." *Id.* (internal citations omitted); *see also In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 127 (4th Cir. 1993) (acknowledging substantial ground for difference of opinion where courts of appeals had reached differing conclusions on a controlling legal question).

9

Here, the Court continues to find the Fourth Circuit's decision in *Adkins* controlling, but acknowledges that, twelve years later, the Sixth Circuit, in *Killion v. KeHE Distributors, LLC*, 761 F.3d 574 (6th Cir. 2014), reached the opposite conclusion regarding several employees' ability to waive their right to proceed in an FLSA collective action.  While in its June 2020 Memorandum Opinion and Order, the Court found that the Fourth Circuit's decision in *Adkins* controlled, the *Adkins* Court determined that the employees could waive their right to proceed in a collective action by signing an arbitration agreement. 303 F.3d at 503.  In contrast, Plaintiffs in the instant individual actions signed severance agreements which require them to proceed in an individual action to assert their rights under the FLSA and ADEA.  The Fourth Circuit has not yet reached the question of whether a collective action waiver is valid in the context of an individual action—the scenario before this Court and the Sixth Circuit in *Killion*.

Given the circuit split that evolved after *Adkins* and the differences between this case and *Adkins*, the Court determines that the issue presents a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

### 3.    An Immediate Appeal From this Court's June 2020 Order May Materially Advance the Ultimate Termination of the Litigation

Finally, an immediate appeal from the Court's June 2020 Order "may materially advance the ultimate termination of the litigation" by determining whether a collective action or six separate—but nearly identical—trials should go forward.  28 U.S.C. § 1292(b).

In determining whether immediate appeal would advance termination of the litigation, courts may look to whether "early appellate review might avoid protracted and expensive litigation." *Xoom, Inc. v. Imageline, Inc.*, No. 3:98cv542, 1999 WL 1611444, at \*1 (E.D. Va. Sept. 3, 1999) (internal citations omitted).  "The mere fact that [the resolution of the question sought to be certified] at this time may save pre-trial and trial effort and expense is not

10

determinative . . . ." *Fannin*, 1989 WL 42583, at \*5 (citation omitted).  Such speculation "of course can be said of any interlocutory appeal." *Id.*  Courts therefore "use a case-specific analysis to determine whether the time and expense saved on interlocutory appeal would 'materially advance the ultimate termination of the litigation.'" *Countrywide Sec. Corp.*, 2015 WL 3540473, at \*5 (quoting 28 U.S.C. § 1292(b)).

While an appeal inevitably delays trial, an immediate appeal would allow the Parties to define the contours of the litigation.  Here, where the Court faces the prospect of holding a trial in these two cases—as well as at least four more cases involving identical or substantially similar Collective Action Waivers pending before this Court—immediate appeal and clarification of the scope of the Plaintiffs' suits clearly "might avoid protracted and expensive litigation" caused by potentially duplicative trials. *Xoom*, 1999 WL 1611444, at \*1; *see also Thompson,* 2013 WL 5428747, at \*6 ("a relatively short delay in the scheme of things will be nothing compared to trying this case as a collective action, only to find out perhaps much later that the certification decision was wrong, and that the initial trial was for naught.")

The Court therefore concludes that an immediate appeal would define the contours of Plaintiffs' suits, among others before this Court, and "would materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

### III.  Conclusion

For the foregoing reasons, the Court will grant Plaintiffs' Motions to Certify.  (ECF Nos. 30, 38.)[11]  The Court will certify the Court's June 2020 Order for interlocutory appeal

---

[11] As noted above, the Parties filed identical pleadings in both the Hutchens and the Stirnweis matters. *See Hutchens v. Capital One Services, LLC, et al*. (3:19cv546, ECF No. 38); *Stirnweis v. Capital One Services, LLC, et al*. (3:19cv637, ECF No. 30).

pursuant to 28 U.S.C. § 1292(b).  The Court will stay these matters until resolution by the Fourth Circuit.

An appropriate Order will issue.

/s/

M. Hannah Lauck
United States District Judge

Date: 10/16/20
Richmond, Virginia

12